UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEISBY ALBERTO CARPIO-GUERRA,<br>Plaintiff,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | No. 1:26-cv-08243-DAD-JDP (HC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION AS MOOT<br><br>(Doc. No. 12) |

On July 9, 2026, petitioner filed this federal habeas action pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") in the Western District of Texas. (Doc. No. 1) (hereinafter "*Carpio-Guerra I*"). On October 5, 2026, that habeas action was transferred to this district where it was assigned the above indicated case number. (Doc. No. 8.) On October 9, 2026, the previously assigned magistrate judge in this case, *Carpio-Guerra I,* issued findings and recommendations recommending that petitioner be ordered immediately released from ICE custody and that the government be enjoined from re-detaining petitioner with notice and a pre-deprivation hearing before an immigration judge. (Doc. No. 12.) On October 15, 2026, *Carpio-Guerra I* was re-assigned to the undersigned. (Doc. No. 15.)

On September 21, 2026, petitioner filed a separate petition for writ of habeas corpus in this district pursuant to 28 U.S.C. § 2241 challenging his detention by ICE. *Carpio-Guerra v.*

*Warden*, 1:26-cv-07684-DAD-JDP (HC), Doc. No. 1 (Sept. 21, 2026) (hereinafter "*Carpio-Guerra II*"). On October 14, 2026, the magistrate judge in *Carpio-Guerra II* issued findings and recommendations recommending that the petition be granted and petitioner be ordered immediately released from ICE custody. *Carpio-Guerra II*, Doc. No. 9 (Oct. 14, 2026). On October 19, 2026, the court issued an order in *Carpio-Guerra II* adopting the findings and recommendations, ordering petitioner's immediate release, and enjoining his re-detention absent notice and a hearing before an immigration judge. *Carpio-Guerra II*, Doc. No. 12 (Oct. 19, 2026).

In this case, *Carpio-Guerra I*, petitioner challenges the legality of his detention and seeks either release from custody or a bond hearing before an immigration judge. (Doc. No. 1.) The court has previously explained its independent duty to consider whether a case is moot and what renders a petition moot in the habeas context. *Gallego v. Andrews*, No. 1:26-cv-07084-DAD-SCR (HC), 2026 WL 2985744, at *1 (E.D. Cal. Oct. 5, 2026). The court incorporates the reasoning set forth in *Gallego* and concludes that the petition in this case, *Carpio-Guerra I,* has been rendered moot by the October 19, 2026 order granting his petition and ordering immediate release in *Carpio-Guerra II*. Accordingly, the court declines to adopt the findings and recommendations issued in this case, *Carpio-Guerra I,* because those findings and recommendations recommended the granting of the same relief that petitioner has already received in *Carpio-Guerra II*.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice as having been rendered moot by the order granting him habeas relief in *Carpio-Guerra II*;

/////

/////

/////

/////

/////

2. The court DECLINES to adopt the findings and recommendations filed on October 9, 2026 (Doc. No. 12); and

3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE